**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| JOSE LARDIZABAL, *on behalf of himself and all others similarly situated,* | : : : : | Case No. 2:18-cv-72 |
| Plaintiff, | : : | Judge _____ |
| v. | : : | |
| ANDREWS AND COX, P.C. AND AMERICAN ACCEPTANCE CO., LLC | : : : : | **CLASS COMPLAINT** |
| Defendants. | : | |

**NATURE OF ACTION**

1.      Plaintiff Jose Lardizabal ("Plaintiff") brings this putative class action against Defendants Andrews and Cox, P.C. ("Andrews") and American Acceptance Co., LLC ("AAC") (collectively "Defendants") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., individually and on behalf of all other similarly situated.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

4.      "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)).  Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing.  *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA"); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.      "The Supreme Court has held time and again that the violation of a statutory right to receive information one is entitled to receive creates a concrete injury sufficient to confer standing on a plaintiff." *Zia v. CitiMortgage, Inc.*, 210 F. Supp. 3d 1334, 1343 (S.D. Fla. 2016).

7.      "The FDCPA does create an informational right which did not exist prior to its enactment, and that right is tied to the harm which a consumer may suffer if not provided with that information. Consequently, the deprivation of that information is, in most cases, sufficient to confer Article III standing. That was the law before *Spokeo*, and that law was not based on an erroneous understanding of Article III like the one corrected by *Spokeo*, but by application of well-settled principles of standing jurisprudence which *Spokeo* did not change (and, in fact, upon which *Spokeo* relied)."  *Hagy v. Demers & Adams, LLC*, No. 2:11-CV-530, 2017 WL 1134408, at *4 (S.D. Ohio Mar. 27, 2017).

8.      "[N]umerous other courts, including courts in this circuit and from around the country, have rejected *Spokeo*-based standing challenges in the context of FDCPA violations."  *Neeley v. Portfolio Recovery Assocs., LLC*, No. 115CV01283RLYMJD, 2017 WL 3311045, at *2 (S.D. Ind. Aug. 2, 2017) (citing *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 WL 2539782, at *4, 2017 U.S. Dist. LEXIS 89678, at *11 (E.D. Wis. June 12, 2017)) (collecting cases).

9.      "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition."  *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

10.    Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

11.    To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute [and] proof of one violation is sufficient to support summary judgment for plaintiffs on their federal claim" *Hartman v. Meridian Fin. Servs., Inc.*, 191 F. Supp. 2d 1031, 1046 (W.D. Wis. 2002).

12.    In order to offer the greatest protections to consumers, "the FDCPA is a strict liability statute – a collector 'need not be deliberate, reckless, or even negligent to trigger liability.'" *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009); *see also Anderson v. Credit Bureau Collection Services, Inc.*, 422 Fed. Appx. 534, 539 (7th Cir. 2011) ("This means [Plaintiff] is entitled to sue to enforce [the FDCPA's] provisions, even the 'highly technical' ones . . .").

13.    "Because the FDCPA is designed to protect consumers, it is liberally construed in favor of consumers to effect its purpose." *Ramirez v. Apex Fin. Mgmt., LLC*, 567 F. Supp. 2d 1035, 1040 (N.D. Ill. 2008).

14.    "[C]laims against debt collectors under the FDCPA are to be viewed through the eyes of the 'unsophisticated consumer' . . . the standard is low, close to the bottom of the sophistication meter." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); *see also*

*Gammon v. GC Servs. Ltd. P'ship,* 27 F.3d 1254, 1257 (7th Cir. 1994) ("an unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness").

## PARTIES

15.    Plaintiff is a natural person who at all relevant times resided in the state of Indiana, County of Greene, and City of Bloomfield.

16.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17.    Andrews is an entity who at all relevant times transacts business in the State of Indiana, and was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

18.    Andrews is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19.    AAC is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

20.    AAC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

21.    Plaintiff is a natural person allegedly obligated to pay a debt.

22.    Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal Juniper Bank account (the "Debt").

23.    Andrews uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

24.    Andrews regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

25.    AAC uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

26.    AAC regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

27.    AAC purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

28.    AAC acquired the Debt after it was allegedly in default.

29.    AAC retained Andrews to collect Plaintiff's Debt on its behalf.

30.    In connection with the collection of the Debt, Andrews, itself and on behalf of AAC, sent Plaintiff a letter dated December 18, 2017.

31.    A true and correct copy of the December 18, 2017 letter is attached to this complaint as Exhibit A.

32.    The December 18, 2017 letter was Andrews's initial communication with Plaintiff with respect to the Debt.

33.    The December 18, 2017 letter purported to contain the notices required in an initial communication by 15 U.S.C § 1692g(a).

34.    However, the December 18, 2017 letter does not meaningfully convey the identity of the creditor to whom the Debt is owed.

35.     The letter states: "RE:        AMERICAN ACCEPTANCE CO LLC AS ASSIGNEE OF JUNIPER BANK."  Exhibit A.

36.     The letter then states: "Our firm is collecting a debt for AMERICAN ACCEPTANCE CO LLC AS ASSIGNEE OF JUNIPER BANK, from you with an outstanding balance in the sum of $1,556.23." *Id*. (emphasis in original).

37.     When Plaintiff received and read the letter, he did not know to whom the Debt was currently owed.

38.     In addition, Plaintiff, or the least sophisticated consumer, would not know what "assignee" meant, and may reasonably interpret the letter in at least two different ways, one of which is inaccurate.

39.     Specifically, Plaintiff, or the least sophisticated consumer, may think that Juniper Bank is the creditor of the Debt, or may just as reasonably think that AAC is the creditor.

40.     Even if Plaintiff, or the least sophisticated consumer, had any knowledge of what "assignee" meant, an assignee may receive all or only some rights from an assignor, and merely stating that one is an assignee does not unambiguously disclose that the assignee is the current creditor.

41.     Because the December 18, 2017 letter was subject to more than one reasonable interpretation, at least one of which is inaccurate, it is misleading as a matter of law.

42.     The December 18, 2017 letter therefore failed to meaningfully convey the name of the creditor to whom the Debt is owed.

## CLASS ALLEGATIONS

43.    Plaintiff repeats and re-alleges each and every factual allegation above.

44.    Andrews's December 18, 2017 letter is based on a form or template (the "Template").

45.    Andrews has sent more than forty (40) collection letters based upon the Template to individuals in the State of Indiana in the year prior to the filing of this action.

46.    Plaintiff brings this action on behalf of himself and all others similarly situated.  Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All individuals in the State of Indiana to whom Andrews sent, within one year before the date of this complaint and in an attempt to collect a debt, a letter based on the Template.

47.    The proposed class specifically excludes the United States of America, the State of Indiana, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Seventh Circuit, the Justices of the United States Supreme Court, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

48.    The class is averred to be so numerous that joinder of members is impracticable.

49.    The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

50.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

51.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members.  Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

52.     The claims of Plaintiff are typical of the claims of the class he seeks to represent.

53.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendants.  Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

54.     Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

55.     Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

56.     Plaintiff is willing and prepared to serve this Court and the proposed class.

57.    The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

58.    Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, who will adequately prosecute this action, and who will assert, protect and otherwise represent Plaintiff and all absent class members.

59.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

60.    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

61.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

62.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

63.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)
## ANDREWS

64.     Plaintiff repeats and re-alleges each and every factual allegation above.

65.     "Viewed from the perspective of the least sophisticated consumer, the Validation Notice must effectively convey the identity of the creditor." *Youssofi v. CMRE Fin. Servs., Inc.*, No. 15CV2310 JM(WVG), 2016 WL 4098312, at *3 (S.D. Cal. Aug. 2, 2016); *see also Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

66.     "Merely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15CV4356SJFARL, 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016);

*see Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("[A] debt collector cannot satisfy Section 1692g(a)(2) by naming an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed.").

67.     Where a letter identifies a company only as the "assignee" of another company, and "not as the current creditor or owner of the debt," then the letter does not meaningfully convey the identity of the creditor and "fail[s] to disclose the information required by 15 U.S.C. § 1692g(a)(2)." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016); *see also Neff v. Schlee & Stillman, LLC*, No. 16-CV-10555, 2017 WL 1058847, at *2 (E.D. Mich. Mar. 21, 2017) ("the single reference to Credit One Bank as an 'assignee' does not effectively convey the 'the name of the creditor to whom the debt is owed.' 15 U.S.C. § 1692g(a)(2). The term 'assignee' is 'a legal term that would not necessarily help the least sophisticated consumer understand the relationships between the parties listed.'") (quoting *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 613 (6th Cir. 2009)).

68.     Andrews violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the name of the creditor to whom the alleged Debt is owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Andrews violated 15 U.S.C. § 1692g(a)(2) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff and the class he seeks to represent any pre-judgment and post-judgment interest as permissible under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)
## AAC

69.    Plaintiff repeats and re-alleges each and every factual allegation above.

70.    Andrews violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the name of the creditor to whom the alleged Debt is owed.

71.    AAC, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Andrews—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that AAC violated 15 U.S.C. § 1692g(a)(2) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff and the class he seeks to represent any pre-judgment and post-judgment interest as permissible under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e
## ANDREWS

72.    Plaintiff repeats and re-alleges each and every factual allegation above.

73.    The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e. *See Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

74.    "Courts have routinely found debt collection letters to be deceptive where the letter fails to clearly identify the current creditor of the debt. . . . Accordingly, as Defendant's March 3, 2017 letter failed to identify the current creditor of Plaintiff's medical debt, the Complaint as to this allegation sufficiently states a violation of § 1692e." *Valentin v. Grant Mercantile Agency, Inc.*, No. 117CV01019AWISKO, 2017 WL 6604410, at *6 (E.D. Cal. Dec. 27, 2017).

75.    Andrews violated 15 U.S.C. § 1692e by failing to meaningfully convey the name of the creditor to whom the alleged debt is owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Andrews violated 15 U.S.C. § 1692e with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff and the class he seeks to represent any pre-judgment and post-judgment interest as permissible under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e
## AAC

76.    Plaintiff repeats and re-alleges each and every factual allegation above.

77.    Andrews violated 15 U.S.C. § 1692e by failing to meaningfully convey the name of the creditor to whom the alleged Debt is owed.

78.    AAC, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Andrews—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)    Adjudging that AAC violated 15 U.S.C. § 1692e with respect to Plaintiff and the class he seeks to represent;

c)    Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)    Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e)    Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)    Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

g)    Awarding Plaintiff and the class he seeks to represent any pre-judgment and post-judgment interest as permissible under the law; and

h)    Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

79.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 14, 2018

Respectfully submitted,

s/ Russell S. Thompson IV
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff